1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KORDY RICE,                              No.  2:15-cv-236-JAM-EFB P

12                 Plaintiff,

13          v.                                FINDINGS AND RECOMMENDATIONS

14   D. BAUER, et al.,

15                 Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  Defendant Lanigan seeks dismissal of the claim against him, arguing that plaintiff

19   failed to properly exhaust his administrative remedies as to the claim.  ECF No. 17-1.[1]  For the

20   reasons that follow, it is recommended that the motion be denied.

21      **I.      The Complaint**

22          Plaintiff alleges that, on November 29, 2013, defendant correctional officers broke his cell

23   door window and ordered him to submit to handcuffs.  ECF No. 1 at 4.  Once cuffed, defendant

24   Lanigan ordered plaintiff to his knees.  *Id.*  Defendants Bauer and Rodriguez yanked him from his

25   cell.  *Id.*  Bauer slammed plaintiff to the floor and banged plaintiff's head against the concrete

26

27          [1] Defendants also initially argued that plaintiff's claims are barred by *Heck v. Humphrey*,
     512 U.S. 477 (1994).  ECF No. 17-1 at 7-11.  They have withdrawn that argument for purposes of
28   the instant motion in their reply brief.  ECF No. 31 at 1.

                                                    1

1   floor repeatedly.  *Id.*  Glass from the broken window went into the left of plaintiff's forehead and

2   his kneecap.  *Id.*  Lanigan gave no order to Bauer to stop and allowed Bauer and Rodriguez to

3   escort plaintiff to the prison's medical facility.  *Id.* at 3.

4         Plaintiff pursued an administrative grievance and has appended to his complaint the final

5   determination of his administrative appeal challenging the alleged excessive force.  *Id.* at 7-8.

6   The appeal was denied.  *Id.*

7   **II.    The Motion to Dismiss**

8         Lanigan argues that plaintiff did not exhaust the claim asserted against him because

9   plaintiff did not name Lanigan in the grievance concerning the November 29, 2013 incident.  The

10  Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect

11  to prison conditions [under section 1983 of this title] until such administrative remedies as are

12  available are exhausted."  42 U.S.C. § 1997e(a).  "Prison conditions" subject to the exhaustion

13  requirement have been defined broadly as "the effects of actions by government officials on the

14  lives of persons confined in prison . . . ."  18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d

15  446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002).  To

16  satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the

17  plaintiff has included in the complaint, but need only provide the level of detail required by the

18  grievance system itself.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S.

19  516, 524-25 (2002) (the purpose of the exhaustion requirement is to give officials the "time and

20  opportunity to address complaints internally before allowing the initiation of a federal case").

21        Prisoners who file grievances must use a form provided by the California Department of

22  Corrections and Rehabilitation (CDCR Form 602), which instructs the inmate to describe the

23  problem and outline the action requested.  Title 15 of the California Code of Regulations,

24  § 3084.2 provides further instructions, which include the direction to "list all staff member(s)

25  involved" and "describe their involvement."  Cal. Code Regs., tit. 15, § 3084.2(a)(3).  If the

26  prisoner does not know the staff member's name, first initial, title or position, he must provide

27  "any other available information that would assist the appeals coordinator in making a reasonable

28  attempt to identify the staff member(s) in question."  *Id.*

1    The grievance process, as defined by the regulations, has three levels of review to address

2    an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7.

3    Administrative procedures generally are exhausted once a plaintiff has received a "Director's

4    Level Decision," or third level review, with respect to his issues or claims. *Id.*, § 3084.1(b).

5    Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731,

6    741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other

7    critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be

8    "available," there must be the "possibility of some relief . . . ." *Booth*, 532 U.S. at 738. Relying

9    on *Booth*, the Ninth Circuit has held:

10
11        [A] prisoner need not press on to exhaust further levels of review once he has
          received all "available" remedies at an intermediate level of review or has been
          reliably informed by an administrator that no remedies are available.

12    *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

13    Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones*,

14    549 U.S. at 216 (2007). To bear this burden:

15
16        [A] defendant must demonstrate that pertinent relief remained available, whether
          at unexhausted levels of the grievance process or through awaiting the results of
          the relief already granted as a result of that process. Relevant evidence in so
17        demonstrating would include statutes, regulations, and other official directives
          that explain the scope of the administrative review process; documentary or
18        testimonial evidence from prison officials who administer the review process; and
          information provided to the prisoner concerning the operation of the grievance
19        procedure in this case . . . . With regard to the latter category of evidence,
          information provided [to] the prisoner is pertinent because it informs our
20        determination of whether relief was, as a practical matter, "available."

21    *Brown*, 422 F.3d at 936-37 (citations omitted). Once a defendant shows that the plaintiff did not

22    exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with

23    evidence showing that there is something in his particular case that made the existing and

24    generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747

25    F.3d 1162, 1172 (9th Cir. 2014) (en banc).

26    A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) in

27    the extremely rare event that the plaintiff's failure to exhaust administrative remedies is clear on

28    the face of the complaint. *Id.* at 1166. "Otherwise, defendants must produce evidence proving

3

1     failure to exhaust" in a summary judgment motion brought under Rule 56. *Id.* If the court

2     concludes that plaintiff has failed to exhaust administrative remedies, the proper remedy is

3     dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120, overruled on other grounds

4     by *Albino*, 747 F.3d 1162.

5           Lanigan contends that this is one such rare case in which plaintiff's failure to exhaust is

6     apparent from the face of the complaint because he has appended to the complaint the third level

7     decision on his appeal concerning the November 29, 2013 incident.  According to Lanigan,

8     appending the third level decision necessarily incorporates into the complaint all of the remaining

9     appeal documents and, citing to *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), *Hal*

10     *Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1989), *Fecht v.*

11     *Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995), and Federal Rule of Civil Procedure 10(c),

12     Lanigan argues that they are all properly considered in ruling on this motion.  He contends that

13     these documents collectively show that plaintiff failed to name Lanigan in the grievance as

14     required by § 3084.2(c)(3) and therefore the claims has not been exhausted.

15           However, these authorities do not support expanding the complaint in the manner

16     advocated by defendant.  Rule 10(c), as marginally relevant here, states simply, "A copy of a

17     written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  The

18     impact of the rule in this case is only that the third level appeal decision is part of the complaint.

19     The rule does not state, or even imply, that other documents which are related to an exhibit are

20     also considered part of the complaint.  Rule 10(c) does not provide the court with authority to

21     consider the other grievance documents relied on here without converting the motions to a motion

22     for summary judgment.

23           In *Ritchie*, the court noted that, "[w]hen ruling on a Rule 12(b)(6) motion to dismiss, if a

24     district court considers evidence outside the pleadings, it must normally convert the 12(b)(6)

25     motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an

26     opportunity to respond."  342 F.3d at 907-08.  The court may, however, consider "documents

27     attached to the complaint, documents incorporated by reference in the complaint, or matters of

28     judicial notice" without converting the motion.  *Id.*  A document is incorporated by reference into

a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* at 908.  The documents generated as part of plaintiff's grievance do not form the basis of plaintiff's complaint here, which contains no allegations about the grievance process (other than that it was completed) and instead concerns defendants' allegedly excessive use of force against plaintiff.  The text of the complaint does not include allegations, which if true, demonstrate a failure to exhaust this claim.  While the complaint includes an attachment, that attachment likewise does not does not establish a failure to exhaust this claim.  The complaint does not incorporated by reference nor refers extensively to the other appeal documents in question.  Thus, *Ritchie* provides no authority for the court to consider the additional grievance documents on this motion without converting the motion to a motion pursuant to Rule 56.

*Hal Roach* is relevant here only for noting that material submitted with the complaint may be considered by the court in ruling on a Rule 12(b)(6) motion.  896 F.2d at 1555 n.19.  As noted, the additional appeals documents defendant wishes the court to consider were not attached to plaintiff's complaint.

In *Fecht*, the court quoted a prior case: "As it makes sense and comports with existing practice, we hold that documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.  Such consideration does not convert the motion to dismiss into a motion for summary judgment."  70 F.3d at 1081 n.1 (quoting *Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994)).  This holding is of marginal utility here, however, as plaintiff did not plead the contents of the grievance documents.  He simply checked "yes" on the form complaint's questions regarding exhaustion of administrative remedies.

Most importantly, even if the court were to consider all the grievance documents and take as true that plaintiff did not name Lanigan in his grievance, it is not clear from those documents alone that plaintiff failed to exhaust his administrative remedies against Lanigan.  Where the prisoner does not know the name or other specific identifying information of a staff member, he may satisfy the regulations' requirements by providing any information he knows that would help the appeals coordinator identify the staff involved in the incident being grieved.  Cal. Code Regs.

tit. 15, § 3084.2(a)(3).  Without looking at evidence beyond the complaint and the grievance documents, the court does not know whether plaintiff knew Lanigan's identifying information at the time he filed the grievance or whether plaintiff provided enough information to the appeals coordinator so that Lanigan could be identified.  *See Torres v. Diaz*, No. 1:14-cv-00492-AWI-SAB (PC), 2015 U.S. Dist. LEXIS 133656, at *4-7 (noting that plaintiff had provided the appeals coordinator with the conduct at issue, its location and date, and a description of the persons involved, and finding that, if the appeals coordinator could identify the staff members involved from that information, "plaintiff may have done enough to exhaust his administrative remedies.").  Plaintiff's failure to exhaust is not apparent from the complaint or the grievance documents and therefore the issue of exhaustion must be addressed in a summary judgment motion instead of this motion to dismiss.

Rather than converting the instant motion into a summary judgment motion and allowing plaintiff an opportunity to respond, the undersigned recommends that the motion be denied and defendant be directed to raise the issue in a separately-filed motion for summary judgment so that he can comply with the notice requirements of *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012) (holding that pro se prisoner plaintiffs must be provided with notice informing them of their obligations in responding to a motion for summary judgment concurrently with the motion and that this notice should be provided by defendants).

### III.    Conclusion and Recommendation

For the foregoing reasons, it is hereby RECOMMENDED that defendant Lanigan's July 24, 2015 motion to dismiss for failure to exhaust (ECF No. 17) be denied without prejudice to defendant raising the defense in a properly-noticed motion for summary judgment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 24, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7