UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KORDY RICE,

    Plaintiff,

v.

D. BAUER, et al.,

    Defendants.

No. 2:15-cv-236-JAM-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants move to compel plaintiff to serve responses to their interrogatories, requests for admission, and requests for production of documents, and to extend the discovery deadline for the limited purpose of conducting third party discovery. As explained below, the motions are granted.

On November 2, 2016, defendants filed a motion to compel plaintiff to serve responses to their interrogatories, requests for admission, and requests for production of documents. ECF No. 47. Defendants explained that plaintiff had notified them that he did not have access to his legal property and that plaintiff had not provided any responses to their discovery requests.[1] *Id.* The time allowed for responding to the motion expired and plaintiff failed to file an opposition or

---

[1] Defense counsel also stated that she intended to investigate the status of plaintiff's legal property. ECF No. 47-2, ¶ 5.

1

1  statement of non-opposition to defendants' motion.  Accordingly, on December 6, 2016, the court
2  warned plaintiff that failure to respond to defendants' motion may be deemed a waiver of any
3  opposition to the granting of the motion and ordered plaintiff to file a response within fourteen
4  days.  ECF No. 53.

5  On December 15, 2016, plaintiff filed an "objection," stating that he had not received a
6  copy of defendants' motion.  *See* ECF No. 54 (explaining that within the last three months, he had
7  been housed in a mental health crisis facility and transferred to five different prisons).  In
8  response, defendants provided plaintiff with courtesy copies of their motion to compel and the
9  court's order compelling a response, via overnight mail on December 20, 2016.  ECF No. 55.  In
10 a filing dated January 4, 2017, plaintiff states that he is not in possession of his personal property
11 and requests 60 days to "retrieve documents, fill out forms, copy forms, and mail forms to court
12 (defendants et al production of documents)."  ECF No. 56.  Plaintiff does not deny defendants'
13 contention that he has failed to respond to their discovery requests; rather, he appears to be
14 seeking additional time to serve defendants with his responses.[2]  Defendants filed a statement of
15 non-opposition.  ECF No. 58.  Accordingly, defendants' motion to compel will be granted and the
16 court will afford plaintiff the additional time requested for locating his property and serving
17 defendants with his discovery responses.

18 Defendants also move to modify the scheduling order, explaining that despite their
19 diligence, they did not have sufficient time to interview two inmate-witnesses identified by
20 plaintiff at his October 14, 2016 deposition, or to schedule depositions.  ECF No. 48.  The motion
21 is unopposed.  A scheduling order may be modified upon a showing of good cause.  Fed. R. Civ.
22 P. 16(b).  Good cause exists when the moving party demonstrates he cannot meet the deadline
23 despite exercising due diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th

---

[2] Plaintiff is instructed that such responses must be served on defendants, rather than filing them with the court.  Pursuant to this court's local rules, interrogatories, requests for production, requests for admission, and responses thereto "shall not be filed with the clerk" unless there is a proceeding that puts the discovery request or response at issue.  *See* E.D. Cal. Local Rules 250.2-250.4.  Further, when a discovery request or response is at issue, only the part of the request or response at issue "shall be filed."  *Id.*  At this time, there is no proceeding before the court that requires plaintiff's discovery responses.

2

1 | Cir. 1992). Good cause appearing, defendants' motion to modify the scheduling order will be
2 | granted.
3 |     Accordingly, IT IS HEREBY ORDERED that:
4 |     1. Defendants' motion to compel plaintiff to serve responses to their interrogatories,
5 |        requests for admission, and requests for production of documents. (ECF No. 47) is
6 |        granted as follows:
7 |         a. Plaintiff shall, within 60 days of the date of this order, serve defendants with
8 |           his discovery responses.
9 |         b. Failure to serve full and complete responses may result in sanctions, including
10 |           the dismissal of this action for plaintiff's failure to follow court orders and
11 |           prosecute his case.
12 |         c. If defendants receive no response or an inadequate response from plaintiff,
13 |           they may file a motion to compel within 14 days of the date the discovery
14 |           responses are due.
15 |     2. Plaintiff's January 4, 2017 motion for an extension of time (ECF No. 56) is denied as
16 |        moot.
17 |     3. Good cause appearing, the discovery deadline is extended by 74 days for the limited
18 |        purpose of allowing defendants to conduct third-party discovery.
19 |     4. Any dispositive motions shall be filed within 120 days of the date of this order.
20 | DATED: January 31, 2017.

                                                    EDMUND F. BRENNAN
                                                    UNITED STATES MAGISTRATE JUDGE