1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KORDY RICE,                              No.  2:15-cv-0236-JAM-EFB P

12                   Plaintiff,

13          v.                                ORDER

14   D. BAUER, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  He alleges that the defendants violated his Eighth Amendment rights by using

19   excessive force against him.  ECF No. 1.  He has filed a motion to compel (ECF No. 60) wherein

20   he argues that defendants should be compelled to answer discovery requests to which they object

21   as untimely.  *Id*. at 2.  For the reasons stated hereafter, the motion is denied.

22   **I.      Procedural Background**

23          The scheduling order specified that discovery was to be completed by September 2, 2016.

24   ECF No. 37 at 4.  After extensions were granted by the court, the deadline was continued to

25   November 2, 2016.  ECF No. 41.  This motion was filed on February 16, 2017.  ECF No. 60.

26   Thus, the motion is clearly late and the question is whether there is any just cause in excusing

27   plaintiff's delay in pursing it.

28   /////

                                                1

The due dates and the history of their extensions is as follows. Motions to compel were to be filed by that date and requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 were to be served by July 1, 2016. *Id*. On June 28, 2016, plaintiff moved for a sixty day extension of time to submit discovery. ECF No. 40. The court granted that extension of time on July 21, 2016 and directed plaintiff that: (1) any requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 were to be served by September 1, 2016; and (2) that any motion to compel discovery was to be filed by November 2, 2016. ECF No. 41.

On November 2, 2016, defendants moved to compel answers to their interrogatories, requests for admission, and requests for production of documents. ECF No. 47. On that date, defendants also moved to modify the discovery deadline for the purpose of conducting third-party discovery. ECF No. 48. The court granted defendants' motion to compel and directed plaintiff to serve his responses within sixty days. ECF No. 59 at 3. The court also extended the discovery deadline for seventy-four days (i.e. to April 17, 2017) for the limited purpose of allowing defendants to conduct third-party discovery. *Id.*[1]

## II.  Legal Standard

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The movant bears the burden of establishing that the requested discovery is relevant. *Aros v. Fansler*, 548 F. App'x 500, 501 (9th Cir. 2013). Once the movant carries his burden, the burden shifts to the opposing party to show that the "information is being sought to delay bringing the case to trial, to embarrass or harass, is irrelevant or privileged, or that the person seeking discovery fails to show need for the information." *Khalilpour v. CELLCO P-ship*, No. 09-02712, 2010 U.S. Dist. LEXIS 43885, at *4 (N.D. Cal. Apr. 1, 2010) (internal quotation marks and citations omitted). Under Rule 16 of the Federal Rules of Civil Procedure, district

/////

---

[1] The court again extended the deadline for defendants to conduct third-party discovery, this time setting the deadline to April 24, 2017. ECF No. 63. Although plaintiff did not also seek a similar extension to conduct third-party discovery, even if he had done so he has not shown that the untimeliness of the current motion is due to any issues of third-party discovery.

courts "broad discretion to manage discovery and to control the course of litigation . . . ." *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011).

**III.  Analysis**

Defendants argue that plaintiff's motion should be denied because both his motion to compel and his discovery requests were untimely. As noted *supra*, plaintiff's discovery requests were to be served by September 1, 2016. ECF No. 41. Defendants state, however, that they did not receive discovery requests from plaintiff until February 2017. ECF No. 61 at 3; ECF No. 61-1 ¶ 3. In his motion to compel, plaintiff states that the delay was caused by prison transfers and his evaluation at a mental health facility. ECF No. 60 at 2-3. Plaintiff first notified the court of his mental health evaluation in a request for extension of time filed in June 2016, however. ECF No. 40. The court granted that request, thereby setting the current deadline of September 1, 2016 for propounding discovery requests. ECF No. 41. That order also set the deadline for motions to compel to November 2, 2016. *Id*. Plaintiff failed to request further extensions of these deadlines. He has also failed to show why, with the exercise of due diligence, he could not meet those deadlines.

Based on the foregoing, plaintiff's motion to compel is denied as untimely. He has failed to adhere to or seek modification of the scheduling order. Parties should "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). Plaintiff has failed to demonstrate that diligence here.

**IV.  Conclusion**

Accordingly, plaintiff's motion to compel (ECF No. 60) is denied as untimely.

DATED: April 25, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3