UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORDY RICE,<br><br>    Plaintiff,<br><br>v.<br><br>D. BAUER, et al.,<br><br>    Defendants. | No. 2:15-cv-0236-JAM-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants have filed a motion for summary judgment (ECF No. 68) and plaintiff has filed a response thereto (ECF No. 73). Defendants have filed a request for extension of time and seek to extend the deadline for filing their reply to plaintiff's opposition. ECF No. 75. Additionally, plaintiff has filed a motion seeking appointment of counsel. ECF No. 74. Defendants' request for extension of time will be granted and plaintiff's motion for appointment of counsel will be denied.

**I.    Request for Extension of Time**

Defendants request an extension of time to file their reply because their counsel –Deputy Attorney General Martha P. Ehlenbach – has been out of the office and will not return until August 14, 2017. ECF No. 75 at 2. This is defendants' first request for extension of time on this issue and there is no indication that plaintiff will be prejudiced by this extension. Accordingly, defendants' request will be granted.

1

**II.     Motion to Appoint Counsel**

Plaintiff asks the court to appoint counsel to represent him. ECF No. 74. He states that this case is factually complex and his ability to investigate those facts is limited. *Id.* at 5. Plaintiff also states that this case is legally complex insofar as it involves four separate defendants and, if it proceeds to trial, will be heard by a jury. *Id.* at 6. The court concludes that appointment of counsel is not warranted at this time.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case. Despite plaintiff's claim to the contrary, the court finds that this case is not legally complex. And while plaintiff would undoubtedly benefit from the greater investigative resources available to appointed counsel, the same could be said of any prisoner litigant. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (finding no abuse of discretion under 28 U.S.C. § 1915(e) where pro se prisoner was denied counsel despite the fact that he "may well have fared better-particularly in the realms of discovery and the securing of expert testimony."). Thus far, plaintiff has demonstrated an ability to adequately represent his interests in this litigation.

**III.     Conclusion**

Accordingly, it is hereby ORDERED that:

1.     Defendants' request for extension of time (ECF No. 75) is GRANTED and their reply to plaintiff's opposition (ECF No. 73) is due on or before August 23, 2017; and

/////

/////

2. Plaintiff's motion for appointment of counsel (ECF No. 74) is DENIED.

DATED: August 7, 2017.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE